**ALSTON & BIRD**

90 Park Avenue
New York, NY  10016
212-210-9400 | Fax: 212-210-9444

Alexander S. Lorenzo                Direct Dial: 212-210-9528                Email: alexander.lorenzo@alston.com

March 5, 2018

**VIA ECF**

The Honorable Gregory H. Woods
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007-1312

      Re:   *Wells Fargo Bank, N.A. v. Waterfall Asset Management, LLC, et al.*,
              Case No. 1:18-cv-00295 (GHW)

Dear Judge Woods:

      We represent Interpleader Plaintiff Wells Fargo Bank, N.A., in its capacity as Trustee (the "Trustee") in the above-captioned litigation. On behalf of Interpleader Defendants Waterfall Asset Management, LLC ("Waterfall"), The Bank of New York Mellon ("BNY Mellon"), and Cede & Co. ("Cede") (collectively, the "Parties"), the Trustee submits this letter advising the Court on the status of the above-captioned proceeding pursuant to Your Honor's Notice of Initial Pretrial Conference, dated February 7, 2018 (Dkt. No. 14).

    1. **Statement of the Case**

        *a. Nature of the Case*

      This is an interpleader action brought by Wells Fargo, in its capacity as Trustee for the collateralized debt obligation governed by the Indenture (the "Tropic IV CDO"), to obtain adjudication of the rights of Interpleader Defendants Waterfall, BNY Mellon, and Cede[1] with respect to payments alleged to be owed to BNY Mellon pursuant to the Swap Agreement between the Tropic IV CDO Issuer and BNY Mellon.

---

[1] Cede states that it is only a nominal party to this litigation and does not intend to take an active role in the litigation of this case.

Alston & Bird LLP                                                                                                                        www.alston.com

Atlanta  |  Beijing  |  Brussels  |  Charlotte  |  Dallas  |  Los Angeles  |  New York  |  Raleigh  |  San Francisco  |  Silicon Valley  |  Washington, D.C.

March 5, 2018
Page 2

### b. *Principal Claims and Defenses*

*Principal Claims.*

The Trustee asks this Court:
- To order the Interpleader Defendants to interplead and to settle all claims related to the subject of this dispute among themselves and any other persons who claim or may claim an interest, beneficial or legal, in such assets;
- To restrain Interpleader Defendants and all claiming through or acting with them, or claiming any interest in the Final Termination Amounts, from commencing or prosecuting any separate proceeding against the Trustee concerning or relating to the issues in this action;
- To award the Trustee its costs and disbursements, including legal fees and expenses, with respect to this action and the distribution of proceeds in dispute; and
- To award the Trustee such other and further relief as the Court may deem just, proper, and equitable.

*Principal Defenses.*

      i.      Waterfall: Because BNY Mellon breached the Swap Agreement by designating erroneous Termination Dates and miscalculating Termination Amounts, the Tropic IV CDO owes no amounts to BNY Mellon, and BNY Mellon owes a Termination Amount to the Tropic IV CDO.

      ii.      BNY Mellon: Interpleader is inappropriate given that Wells Fargo, as the purported interpleader stakeholder, does not face a legitimate threat "of multiple liability result[ing] from a single right or obligation…[in which]…two or more claimants [are] adverse to each other." *Bradley v. Kochenash,* 44 F.3d 166, 168 (2d Cir. 1995) (internal cites and quotes omitted). That is because (1) Waterfall's alleged rights arise from the indenture, whereas BNY Mellon's rights arise from the Swap Agreement; (2) any claim by Waterfall can only be against that portion of the proceeds to which its clients – Senior Class A noteholders (¶10) – are entitled (Ex. A (Indenture), at Art. V, §5.9 (permitting Waterfall to maintain suit only for Class A noteholders)), whereas BNY Mellon's claim is for termination amounts in their entirety; and (3) to date, Waterfall's clients have been paid in full on interest earned (¶¶3, 44), and will continue to be paid interest *pari passu* with BNY Mellon's termination amount (Ex. A, Art. XI, §11.1(c), FIRST).

      As to the merits, the clear and unambiguous language of the Swap Agreement between BNY Mellon and the Tropic IV CDO Issuer, an agreement that Waterfall had not even seen prior to this dispute, confirms that BNY Mellon is entitled to swap termination amounts:
- The Swap Agreement (Compl. Ex. B, at Sch. Part 1(n)(1)), requires BNY Mellon to receive notice (*id.* at §12 and Sch. Part 4) of the occurrence and amount of any "Redemption Event" of all or any portion of issued notes, with all or a portion of the swap being terminated in response to such redemption (*id.* at Sch. Part 1(n)(2)).

March 5, 2018
Page 3

- Between 2008 and 2017, notes were periodically redeemed, resulting in an Additional Termination Event (at Sch. Part 1(n)(2)), pursuant to which declaration of an Early Termination Date was contractually required (at Sch. Part 1(n)(6-7)).
- Because collection of termination fees owed to BNY Mellon would have resulted in an Event of Default under the Indenture (¶¶15, 25), BNY Mellon consented to defer a portion of the termination amount due so that interest owed to Senior Class A noteholders could be paid in full (¶¶3, 26-28).
- Continuing failure to make payment to BNY Mellon resulted in an Event of Default under Section 5(a)(i) of the swap (¶¶4,18, 29) and a then-final termination amount of approximately $7 million (¶¶4, 23, 34). Procedures for determining the termination amount are set forth in the swap (Ex. B, §6 (measured by Market Quotation or BNY Mellon's Loss)), with the indenture requiring termination amounts be paid *pari passu* with interest owed to Senior Class A noteholders (Ex. A, Art. XI, §11.1(c), FIRST).

    *c. Major Legal and Factual Issues Most Important to Resolving the Case*

        i.      Waterfall

The major legal issues include:
- Has an Event of Default occurred under the Swap Agreement?
- Is the Trustee obligated to enforce the Issuer's rights under the Swap Agreement?

The major factual issues include:
- The appropriate Partial Termination Amounts and/or Final Termination Amounts owed by the Trust to BNY Mellon, or vice versa.
- The appropriate Set-off amount to be applied to any Termination Amounts.
- Whether BNY Mellon's actions breached the Swap Agreement.
- BNY Mellon's actual or constructive knowledge of any redemptions of Notes, including any notice provided to BNY Mellon.
- The Trustee's and/or Issuer's enforcement of the Trust's rights under the Swap.

        ii.     BNY Mellon

The major legal issues include:
- Whether the requirements for interpleader have been met.
- Whether the swap requires BNY Mellon to be paid pursuant to a Market Quotation or according to its Loss, and in the priority established by Article IX of the Indenture.

There are no issues of disputed fact that would preclude resolution of this case as a legal matter on the face of the pleadings.

    **2.  Statements Regarding Subject Matter Jurisdiction and Venue**

    *a. Trustee*: This is an action for interpleader pursuant to Rule 22 of the Federal Rules of Civil Procedure. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1332 because the value of the disputed item of Portfolio Collateral exceeds $75,000

March 5, 2018
Page 4

exclusive of interest and costs, and there is a diversity of citizenship between the Interpleader Plaintiff and Interpleader Defendants. Wells Fargo is a national banking association incorporated in Delaware with its main office in Sioux Falls, South Dakota. *See Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006) (holding that for purposes of assessing the existence of federal subject matter jurisdiction based on diversity of citizenship, national banking associations are deemed to be "a citizen of the State in which its main office, as set forth in its articles of association, is located"). Upon information and belief, Waterfall is incorporated in Delaware with its principal place of business in New York, BNY Mellon is incorporated in New York with its principal place of business in New York, and Cede is incorporated in New York with its principal place of business in New York.

Venue in this District is appropriate pursuant to 28 U.S.C. § 1391(b)(3) because venue is not proper in any other judicial district and, upon information and belief, one or more Interpleader Defendants reside within this judicial district.

     **b.** ***Waterfall***: Waterfall does not contest jurisdiction or venue in this action. As pleaded by the Trustee, Waterfall is incorporated in Delaware, has its principal place of business in New York, and has no members in South Dakota.

     **c.** ***BNY Mellon***: BNY Mellon does not contest venue or diversity jurisdiction, which are appropriate whether or not this matter proceeds as an interpleader under Federal Rule of Civil Procedure 22.[2]

     **d.** ***Cede***: As Cede declared in its answer filed with this Court on February 20, 2018, Cede has no beneficial ownership interest in the referenced securities. Any securities on deposit with The Depository Trust Company ("DTC") and registered in the name of Cede are held for the benefit of those financial institutions that constitute its "Participants," and that securities deposited with DTC are registered in the name of DTC's nominee, Cede, are held for the benefit of, and in accordance with the instructions of, the Participants to whose DTC accounts such securities are credited. Cede is only a nominal party to this litigation and defers to the Participants with an interest in the referenced securities with respect to the legal and factual positions to be taken in response to the Trustees claims, as such claims may affect the securities registered in the name of Cede and credited to such Participants' respective DTC accounts. As it is not a beneficial party in interest as described above, Cede does not intend to take an active role in the litigation of this case.

---

[2] If BNY Mellon's anticipated request to deny interpleader is granted, then Wells Fargo remains in the case and the Court retains diversity jurisdiction pursuant to 28 U.S.C. § 1332. Even if interpleader were considered appropriate (and it is not), and Wells Fargo were considered eligible for dismissal (and it is not), this Court would retain diversity jurisdiction as originally exercised. *See, e.g., State Farm Life & Assur. Co. v. Epps*, No. 12-CV-380S, 2013 WL 3992754, at *3 (W.D.N.Y. July 22, 2013) ("where jurisdiction in an interpleader action is based only on diversity, the discharge of the disinterested stakeholder plaintiff will not destroy original diversity jurisdiction because subsequent litigation between the claimants will be ancillary to the original action for which initial diversity jurisdiction was sufficient").

March 5, 2018
Page 5

### 3. Motions and Applications

**a. *Trustee***: The Trustee has not filed any motions and does not intend to make any applications at the status conference. However, the Trustee will respond to BNY Mellon's request to file a dispositive motion in accordance with the Court's Individual Rules. After the resolution of the substantive dispute, the Trustee reserves the right to file a motion for attorneys' fees and expenses. *See* FRCP 22; *Septembertide Publishing, B.V. v. Stein & Day, Inc.*, 884 F.2d 675, 683 (2d Cir. 1989) (holding that district courts possess equitable discretion to award costs and attorneys' fees to a disinterested stakeholder who has sought a discharge from liability); *Landmark Chemicals, S.A. v. Merrill Lynch & Co.*, 234 F.R.D. 62, 63 (S.D.N.Y. 2005) ("Attorneys' fees are commonly awarded to an innocent stakeholder who successfully initiates a suit as an interpleader under Rule 22"); *see also Citigroup Global Markets, Inc. v. KLCC Investments, LLC*, 706 Fed. Appx. 38, 40 (2d Cir. 2017) (affirming district court's award of fees and costs in an interpleader action). The grant of attorneys' fees is wholly within the discretion of the district court.

**b. *Waterfall***: Waterfall will respond to BNY Mellon's request to file a dispositive motion in accordance with the Court's Individual Rules. Waterfall opposes BNY Mellon's proposed Rule 12(c) motion as premature because the pleadings are not yet closed. See F.R.C.P. 12(c) ("After the pleadings are closed . . . a party may move for judgment on the pleadings"). Further, it is both efficient and proper for the Court to address BNY Mellon's threshold challenges to interpleader jurisdiction before determining the merits. In any event, BNY Mellon's proposed Rule 12(c) motion would be futile inasmuch as resolution of the disputed issues – including BNY Mellon's actual and/or constructive notice of certain redemptions and the amounts due and payable from BNYM to the Tropic IV CDO, or vice versa – necessarily depend on facts to be adduced in discovery and not available to Waterfall. After the resolution of the substantive dispute, Waterfall intends to file a motion for its attorneys' fees and expenses in respect of any benefit conferred on the Trust. *See Citrin v. Erikson,* 918 F. Supp. 792 (S.D.N.Y. 1996).

**c. *BNY Mellon***: BNY Mellon has requested permission to make an early, dispositive motion to dismiss pursuant Federal Rules of Civil Procedure 12(b)(1), for lack of proper interpleader subject matter, 12(b)(6), for failure to state a claim, and 12(c) for judgment on the pleadings, with a stay of discovery pending resolution of same. BNY Mellon will oppose the Trustee's contemplated motion for attorneys' fees and expenses, and will exercise its right to indemnification from the Trustee for its own costs and expenses pursuant to the express terms of the Swap Agreement.

**d. *Cede***: As stated above and in the answer Cede filed on February 20, 2018, Cede is only a nominal party to this litigation and does not intend to take an active role in the litigation of this case. As a result, Cede submits that it should be dismissed from the Complaint and reserves its right to seek attorneys' fees.

March 5, 2018
Page 6

    **4. Discovery**:

No discovery has taken place, other than an informal exchange of information between certain Parties prior to the filing of the Complaint.

    *a. Waterfall*: Waterfall states that discovery is necessary to resolve disputed issues in the action, and includes:

- Documents sufficient to determine the appropriate Partial Termination Amounts and Final Termination Amounts, if any, owed by the Trust to BNY Mellon, or vice versa.
- Documents sufficient to determine the appropriate set-off to be applied to any Termination Amounts.
- Expert testimony regarding the calculations above.
- Documents relevant to Waterfall's claim that BNY Mellon possessed actual or constructive knowledge of certain redemptions of Notes, including by notice provided to BNY Mellon.
- Documents relevant to Waterfall's claim that BNY Mellon breached the Swap Agreement and the October 16, 2017 Letter Agreement with the Issuer.
- Documents relevant to Waterfall's claim that the Trustee was (and is) aware of facts requiring it to enforce the Swap Agreement on behalf of the Issuer and the Trust.

    *b. BNY Mellon*: Discovery is unnecessary because the entire dispute may be resolved on the pleadings, as a matter of law. BNY Mellon has therefore requested a stay of discovery pending resolution of its early, dispositive motion to dismiss the interpleader and for judgment on the pleadings. Should this matter proceed to discovery (which the pleadings themselves make wholly unnecessary), admissible evidence will include admissions by the Tropic IV Issuer and the Trustee that neither sent notices of redemption to BNY Mellon pursuant to notice provisions in the Swap Agreement (at §12 and Sch. Part 4).

    **5. Computation of Damages**: As interpleader plaintiff, the Trustee states that this is not applicable given the nature of this interpleader action.

    **6. Settlement**: Waterfall, BNY Mellon, and the Trustee engaged in settlement discussions prior to the filing of the Complaint. No further settlement discussions have occurred between the Parties, and the Parties do not believe that a settlement conference would be productive at this time.

    **7. Other Information**: Pursuant to Rule 2.C of Your Honor's Individual Rules, BNY Mellon submitted a letter request for permission to file an early, dispositive motion to dismiss interpleader, for judgment on the pleadings, and for a stay of discovery pending resolution of same. The Court has agreed to hear the parties on these during the initial pretrial conference.

                                                         Respectfully submitted,

                                                         /s/ Alexander S. Lorenzo

                                                         Alexander S. Lorenzo

cc: Counsel of Record